**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


**RYAN SCOTT DAVIS,**

        **Petitioner,**

  **vs.**                                      **NO. 08cv148 MCA/WDS**


**MICHAEL HEREDIA, Warden and
GARY K. KING, Attorney General of
the State of New Mexico,**

        **Respondents**


**MAGISTRATE JUDGE'S PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION[1]**


       This is a Petition For a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by Ryan Scott

Davis.  Davis is acting *pro se*.  Respondents filed a response in opposition to the Petition.  The

United States Magistrate Judge, having considered the arguments of the parties, the record, relevant

law, and being otherwise fully advised, finds and recommends that the Petition should be denied.

The court makes the following findings and recommended disposition.

**CLAIMS**

       Davis claims that he was denied due process of law in that the state court imposed a sentence

beyond its sentencing authority.  Specifically, he argues that the court imposed the maximum term

of imprisonment for a second degree felony plus five years of probation, instead of imposing a

---

[1]Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

sentence where the combined term of imprisonment plus probation did not exceed the maximum sentence for a second degree felony.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2000 Petitioner pled guilty to one count of second-degree murder, a second-degree felony.  Petitioner was sentenced to a term of fifteen years imprisonment followed by a two year parole term. This sentence was enhanced by one year for use of a firearm, for a total of sixteen  years imprisonment. The state district court suspended three years of the term and placed Petitioner on supervised probation for five years after his release from incarceration.  The Judgement, Partially Suspended Sentence, and Commitment was filed on February 19, 2001.

On April 17, 2007 Petitioner filed a Motion for Modification of Sentence, which was reclassified as a petition for habeas corpus and ultimately denied by the New Mexico Supreme Court on January 4, 2008.  The instant petition, filed February 7, 2008, followed.

## STANDARD OF REVIEW

Since Petitioner is in custody pursuant to the judgment of a State court, 28 U.S.C. § 2254 applies.  Under 28 U.S.C. § 2254, a petitioner is entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  Petitioner must also satisfy the jurisdictional requirements of the Antiterrorism and Effective Death Penalty Act of 1996. (AEDPA)

## ANALYSIS

The AEDPA provides a one-year statute of limitations for habeas corpus petitions filed by

2

state prisoners. 28 U.S.C. §2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Options (B)-(D) do not apply in this matter, so Petitioner's limitation period falls under subparagraph (A). The Judgement was filed on February 19, 2001 and became final thirty days later, March 22, 2001. On it's face, Petitioner's February 7, 2008 habeas petition was filed far beyond the §2244 one year limitations period. However, §2244 also contains a provision that establishes a tolling period under certain circumstances. §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review. . .is pending shall not be counted toward any period of limitation under this subsection." Petitioner did not file for any post-sentencing relief until April 17, 2007, well over five years after the one-year AEDPA statute of limitations had expired.

The filing of a State habeas petition or other collateral review tolls the limitations period, it does not restart the one-year clock. Accordingly, the instant Petition is barred, since the one-year statute of limitations period expired on March 22, 2002. In light of the fact that the pleading is time barred, the Court declines to address the merits of the Petition.

## RECOMMENDED DISPOSITION

The Court recommends that Ryan Scott Davis's Petition for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. §2254, filed February 7, 2008, be DISMISSED.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**